SAMUEL WOOTEN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wooten v. Commissioner
Docket No. 28030-89
United States Tax Court
T.C. Memo 1991-73; 1991 Tax Ct. Memo LEXIS 88; 61 T.C.M. (CCH) 1965; T.C.M. (RIA) 91073; February 27, 1991, Filed *88 Barry R. Lenk, for the petitioner. Susan T. Mosley, for the respondent. PETERSON, Special Trial Judge. PETERSON
MEMORANDUM OPINION This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed on March 15, 1990. A notice of deficiency was mailed to petitioner on March 8, 1988, for the tax year 1984. A second notice of deficiency was mailed to petitioner on March 21, 1989, for the taxable years 1985 and 1986. The notices of deficiency were mailed to petitioner at 1233 Delafield Place, N.E., Washington, D.C., 20017. A petition was filed in response to the notices of deficiency with the Court on November 21, 1989, which date is 623 days after the notices were mailed to petitioner. Respondent contends that this case should be dismissed for lack of jurisdiction on the ground that the petition in this case was not timely filed. Petitioner argues that the case should be dismissed since the notices of deficiency are invalid in that they were not mailed to petitioner's last known address. Therefore, the issue in this case is whether the notices of deficiency were mailed to petitioner's last known address pursuant to section 6212(b). [1] *89 The stipulation of facts and attached exhibits are incorporated herein by this reference. The law is well settled that this Court has jurisdiction only in those cases where a statutory notice of deficiency was mailed to the taxpayer under section 6212 and the taxpayer timely petitions this Court pursuant to section 6213, . In the instant case there is no dispute that petitioner failed to file a petition within the 90-day time period set forth in section 6213, or mail the petition to the Court in an envelope bearing a United States postmark within the 90-day time period pursuant to section 7502. Accordingly, we do not have jurisdiction to redetermine the deficiency in this case. Petitioner does not dispute respondent's contention that we lack jurisdiction and that this case should be dismissed for lack of jurisdiction. *90 However, petitioner disagrees that this case should be dismissed for failure to timely file a petition, but contends that this case should be dismissed on the ground that respondent failed to mail the notices of deficiency to petitioner's last known address. The parties agree that a notice of deficiency is not valid unless it is mailed to the taxpayer's last known address by certified or registered mail. Section 6212(a) and (b)(1). Actual receipt of a deficiency notice is immaterial if, in fact, it was mailed to the taxpayer's last known address. , affg. on other grounds . Respondent mailed the notices of deficiency to petitioner at 1233 Delafield Place, N.E., Washington, D.C., 20017. The notices of deficiency were mailed after petitioner had filed his income tax returns for 1986 and 1987. Petitioner's address as shown on the 1986 and 1987 income tax returns was 1233 Delafield Place, N.W., Washington, D.C., 20017. Petitioner argues that since the notices of deficiency were mailed to 1233 Delafield N.E. rather than 1233 Delafield, N.W., respondent failed to *91 mail the notices of deficiency to petitioner's last known address. Petitioner relies on , and , contending that a taxpayers' last known address is that on his most recently filed return, unless the taxpayer communicates to the Internal Revenue Service a clear and concise notice of a change of address. Clearly, the notices of deficiency were not mailed to the address on the most recent income tax return filed by petitioner. However, the notices of deficiency were mailed to petitioner's correct address, which, in fact, was petitioner's last known address. The address shown on petitioner's 1986 and 1987 income tax returns does not exist. There is no such address as 1233 Delafield Place, N.W. There is, however, a 1233 Delafield Place, N.E. where petitioner actually lives. Petitioner's tax return preparer made a mistake by using N.W. rather than N.E. when the returns were prepared. The taxpayer's last known address is the address to which, in the light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished *92 the notice to be sent. . Under this test, clearly petitioner would have wanted the notice to be sent to his correct address. Petitioner misinterprets Abeles when he contends that respondent should send a notice of deficiency to an incorrect address. The purpose of requiring respondent to mail a notice to the address shown on the latest return, unless otherwise notified by a taxpayer, is based on the theory that the taxpayer has changed his address to the address shown on such return. The purpose of trying to ascertain the last known address is an attempt to make certain that if a notice of deficiency is issued by respondent it will be received by the taxpayer. In the instant case, the evidence shows that any mail addressed to petitioner using zip code 20017, the zip code used on the returns, would be delivered to 1233 Delafield Place, N.E. even if the mail is addressed 1233 Delafield Place, N.W. In addition, respondent has a duty to reasonably and diligently determine a taxpayers' correct address. In the instance case, respondent's computer search revealed that petitioner's correct address was 1233 Delafield *93 Place, N.E. Accordingly, respondent's duty was to correctly address the notices of deficiency. For the above reasons, we conclude that the notices of deficiency for the years 1984, 1985 and 1986 were mailed to petitioner's last known address. Since the petition was not timely filed, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in question unless otherwise indicated.↩